Good morning, Your Honors. My name is Myra Sun, and I appear for Mr. Hernandez, the appellant. There are two issues, and I'm going to address them in this order. I'm going to first discuss the issue of whether my client waived his right to appeal the denial of his motion to withdraw, and then the issue of whether the district court erred in denying his motion to withdraw. Well, if the plea stays, then he waived his right to appeal, and he's already appealed. And if the plea doesn't stay, then the issue of appeal, if the judge abuses the discretion, fail to allow him to withdraw the plea, then there's no waiver of an appeal. Well, I believe that in this circuit, this is the rule on whether a person has waived his right to appeal. The general rule is that if there's a waiver of appeal and the language covers it and the plea is voluntary and knowing, then the waiver stands and this court would dismiss the appeal on the motion to withdraw. Even if the plea is withdrawn? If the plea is ñ well, we get to whether the plea is withdrawn next, if we could. It's not backwards? Okay. Well, we could ñ I'm happy to go in the other direction. I'm sorry. Go ahead. Your Honor, I ñ Your Honors, I do believe my client made out a fair and just reason for the withdrawal of his plea. He ñ there are three exceptions. There are three sort of categories of circumstances in which this court has decided that a fair and just reason will have been made out. One is newly discovered evidence. One is an intervening circumstance. And the third, which is a broad one, is any other circumstance of which he was not aware at the time of the entry of the plea. And in my brief, I lay out, and I don't think there's a dispute, that my client entered his plea with counsel, that at the time counsel averred, and I don't think anybody disputed, that my client discussed the plea agreement, the written plea agreement with counsel, answered questions. Counsel answered his questions, and Mr. Hernandez understood what was said and was satisfied at that time with what he was told. But counsel didn't represent that he had discussed with him defenses, and there was some discussion. My client's new counsel, Ms. Gauss, said they discussed the confidential informant who was described in the search warrant affidavit. That's what happened at the guilty plea hearing. After that, my client got a new attorney, Ms. Gauss, and she discovered information about the possible confidential informant that my client did not know at the time he entered his plea. And we believe that that is both an intervening circumstance and something he didn't know. But he knew there was a confidential informant at the time he made his plea. Right. He knew there was a confidential informant. I'd ask the Court to consider the cases of United States v. Garcia and United States v. Davis. Both of those are discussed. And in both of those cases, you could say that the newly discovered evidence or the intervening circumstance is information that really was out there for the defendant to have before he entered his plea. And yet this Court decided that this information was sufficient to make out a fair and just reason for withdrawal of the plea. The circumstance in Davis was, I believe, that there was a discovery of a witness, and they submitted a declaration as part of the motion to withdraw. And you could argue that that witness could have been found before he entered his plea, but it wasn't found. And so that still was newly discovered evidence, and it was an intervening circumstance. In Davis, you could argue that the defendant who was told that his sentence, he said he was told his sentence would be probation, and you could argue, and indeed everybody said it was very unlikely that he would have gotten a probationary sentence. You could have said that he would have known that before he entered his plea, but it was clear after a full hearing that his lawyer had held out the possibility of a probation sentence, and that was enough of an intervening circumstances and new information for the defendant. And I think that that's what we have here, too. My client learned more about the possible confidential informant after his guilty plea, and I don't think that this was an unreasoned or a lark. I think that's the term that the cases use. This was not a motion to withdraw on a lark or a whim. He thought it through, and the government has pointed out that there was quite a bit of time before the motion to withdraw was filed, and that, to me, indicates that it was not a lark. And all of this goes back to the waiver of appeal. I see that by the timer that I've got four minutes and something left, I'm going to ask if I could now to preserve a couple for rebuttal. The waiver of the appeal, the general rule is that an appeal waiver will cover, if it covers the subject matter and if the plea was voluntary, then the waiver stands. My client can't appeal the denial of his motion to withdraw the plea. There are exceptions, and we've laid out in our briefing the exception that applies here, and namely that there was a contemporaneous oral advisement to my client at the time he entered the plea, in which the magistrate said that he could appeal, quote, if he didn't believe he was effectively represented by counsel. And we know that the plea agreement made the distinction, as they always do, between a collateral attack and an appeal, but the magistrate used the word appeal, and he also used the phrase, when the case is over. And to most defendants, I believe it would be reasonable to say, certainly a defendant with an 11th grade education like my client, the case is over after he's sentenced. So I think it's a reasonable expectation, and that's the standard. The reasonable expectation engendered in him by that would be that he has preserved the right to appeal, quote, unquote, whether he was effectively represented by counsel. And we know from the other cases that, from other cases, including Garcia Davis, that a defendant does not have to show prejudice under the Strickland standard to make out his fair and just reason. And I actually now have three minutes, and I will, unless there are any questions, Your Honor, I'll just wait for a moment. Thank you. You may preserve. May it please the Court. Siddharth Vallamore for the United States. I'll start by addressing the merits of the motion to withdraw the guilty plea. As this Court has held in Ensminger, it's not enough to establish simply the existence of new post-plea information. You also need to show that it plausibly would have motivated a reasonable person in the defendant's position not to plead guilty. This defendant pleaded guilty after receiving the search warrant affidavit in discovery and after receiving the criminal complaint, which didn't just disclose the fact that there was an informant but disclosed the informant's criminal history and the benefits that he was receiving from cooperation. This defendant also talked about his concerns regarding the veracity of that search warrant affidavit and the confidential informant with his attorney. And he chose to forego what would have been an attack against the search warrant affidavit, and in exchange he received a 14-year reduction from the mandatory minimum term of imprisonment. At the district court level, he proffered that he didn't know the informant's name or the specific amount of money paid to the informant and the dates of the informant's convictions. But this Court has held that that type of information isn't new because it's still within the defendant's reach. And even if we were to accept the proffer, which was submitted without any evidence or declarations, that he never was made aware that he could have moved to compel that information, the district court didn't commit clear error, certainly didn't abuse its discretion in finding that that additional information wouldn't have changed the mind of a reasonable person, wouldn't have moved the needle. We would submit that this is not like the Garcia case or the Davis case that we just heard about, because those cases involved something novel that was different from the base of information that those defendants were working with at the time they pleaded guilty. I'd like to touch briefly on the request for an evidentiary hearing. The first response we'd like to make to that is that we've already had a hearing in the district court at which the defendant had an opportunity to call witnesses and put in evidence, and they chose to proceed by proffer instead. The district court accepted that proffer and still found that it didn't meet the burden. And in any case, there's no material factual dispute, which is what this court requires in order to remand for a new evidentiary hearing. I'd like to close briefly, if the court has no questions on the merits, by discussing the court's questions about the appellate waiver. This court's decisions in Rahman, Michelin, and Geronimo all say that you reach the appellate waiver even before reaching the merits of the appeal. And the reason is that the motion to withdraw the guilty plea is based on newly discovered information. It doesn't challenge the validity of the plea agreement itself. And so what those courts held is that a valid plea agreement with a plea waiver, an appellate waiver in it, can be enforced to prevent the appeal or to waive the appeal from a motion to withdraw the guilty plea. The court has no further questions. I have a question on your position on the appeal. If, in fact, the plea should have been withdrawn, should have been allowed to be withdrawn, then wouldn't the waiver be inapplicable? No, Your Honor. That's the Rahman case, for instance, which didn't even address the merits of whether the plea should have been withdrawn. It said where there's a valid plea waiver that is knowingly and voluntarily entered into, you enforce it even if there are intervening circumstances after the plea that caused the district court to abuse its discretion. And I believe that defense counsel, at the beginning of her argument, conceded that fact in response to the court's question. But would that be true even if the plea agreement, the plea should have been withdrawn? Yes, it would be true, Your Honor. What's your best case that says that? We would point to Rahman, Michelin, and Geronimo, all of which never looked at the question of whether the plea should have been withdrawn because they didn't reach the merits. They held that the appellate waiver is a prudential limit on the court's jurisdiction to even address the merits of the issue. In each of those cases, was there an issue, an appeal, on whether the plea should have been withdrawn? Yes, Your Honor. All of those cases involved appeals from motions to withdraw guilty pleas. But because the appellate waivers were valid in those cases, the courts enforced those waivers without reaching the merits. Okay. Thank you. I just have one minor question for you. So there was some, the magistrate judge used the wrong word during, when he was taking his plea, right, when he got to the waivers? The magistrate judge used the word appeal instead of collateral attack. Collateral attack. Do you think the defendant, though, thought it was a mistake? Well, Your Honor, if you look at the lead-in to that part of the colloquy, the magistrate judge started by saying there's a waiver of appeals from your guilt and then there's a waiver of appeals from your sentence. He then proceeded to define the broad scope of the waiver, and he closed by saying there are exceptions. We actually read about the word exception in the reply brief and how that had significance to the defendant. The word exception, to have an exception requires a rule. The rule was you've waived everything. Here are some ways that you haven't waived it. We note two things. The first is the word appeal was used in reference to this discussion about the sentence, the sentencing appeal. The magistrate judge referred the defendant to the part of the plea agreement that he was reading from, which he erroneously read from. And then third, the magistrate judge limited that exception to effectiveness of legal representation, which is something that they have disavowed at the district court level and aren't pursuing as a formal claim here on appeal. If we were to treat, for instance, the magistrate judge's syntax error as significant and say, well, this falls within an effectiveness of legal representation challenge, then even correctly stated, it would have opened the door to all kinds of different collateral attacks that ordinarily wouldn't meet the requirements of ineffective assistance of counsel. Okay. If the Court has no further questions, we ask that the district court be affirmed. Thank you, counsel. I believe it was in United States v. Armenta-Lopez, which I think that that's the case, one of the cases that I cited that said that when the district court during the colloquy says something that's not right, and I believe the magistrate here did not use the right term, he didn't distinguish between an appeal and a collateral attack, that the government would have something of a duty to speak up. I think in Armenta-Lopez the defendant tried to say the government had that duty, and I think that this Court's ruling was that because that discussion happened well after the plea, it wasn't contemporaneous with the plea, it didn't really matter. On the issue of whether the Court decides the merits first and then reaches whether the waiver of appeal, you know, one of the exceptions to whether there's been a valid waiver of appeal is if the sentence is illegal. And it seems to me that in some of the cases about that, this Court has said, and I can't remember any names off the top of my head, what this Court sometimes does is reach the issue of whether the sentence is illegal first, and then having found that it is not illegal, it dismisses the appeal. And so that is why often you'll find this Court to decide its jurisdiction, reaching the merits first. The other note I have to make on that point is that in Ruiz, which is a case about whether the government has to turn over given discovery before a plea, the Supreme Court remarked in the beginning of that case that the Ninth Circuit was correct to reach the merits of the sentencing appeal. The defendant was trying to get exemptions of responsibility credit, even though she had pled open because she wasn't given certain discovery about the informant. And I think the Supreme Court said that it was right for the Ninth Circuit to sort of reach the merits first. On the issue of whether Rahman or any of these other cases control, again, Your Honor, I think Rahman is a waiver of appeal case, and because we have this situation in which the colloquy told my client he would have a right to appeal, and the word was effectiveness of counsel. So there wasn't this sort of term of art of ineffective assistance of counsel. It was sort of like, were you happy with your lawyer getting all the information that he could have before he advised you? That's the circumstance here. And that, I think, is a fair and just reason, because he doesn't have to show that he definitely would never have pled. He doesn't have to show that it would have been exonerating evidence. He just has to show a fair and just reason. And it's a fact that he wants to know. Well, this is one of the reasons I believe that there ought to be a hearing, and I have only 10 seconds. Basically what he said is, I believe there was more impeaching information about that informant, which would have warranted an attack on the search warrant. So he would have had the identity of the confidential informant to do that? Yes, which he didn't even have. Right. And he might not have had it because he physically attacked the person he thought was the confidential informant. Well, that is not clear in this record. I suppose it's possible. And that's one of the reasons I think there ought to be a hearing on this subject. That's why I think there should have been more of a hearing on what new counsel uncovered. That's controverted? It is, as the government says, not laid out in the record. But I think that that's all the more reason there should have been an evidentiary hearing on that. And also a hearing on whether defense counsel at the time of the plea had an adequate discussion with my client about it, so that you could say he was fact-informed or not. Thank you. Thank you. Thank you, counsel. We thank both counsel for their arguments. And the Hernandez case is submitted.
judges: Gould, Paez, Jack